IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3174-FL

| | |
|---|---|
| SHAUN LUNDY and ESTATE OF JESSICA NICOLE SUMMEY, <br><br>  Plaintiffs,[1] <br><br>   v. <br><br> ERIC HOOKS, WARDEN OF N.C.C.I.W, and CORRECTIONAL OFFICERS, <br><br>  Defendants. | ORDER |

This matter is before the court on defendants' motions to dismiss (DE 33) pursuant to Federal Rule of Civil Procedure 12(b)(6) and for stay (DE 32, 42, 44). Also before the court are plaintiff's motions to appoint counsel (DE 39) and for stay (DE 40). The motion to dismiss is briefed fully, and in this posture, the issues raised are ripe for ruling. For the following reasons, the motion to dismiss is granted, and plaintiff's motion to appoint counsel is denied. The remaining motions are terminated as moot.

### STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint on May 25, 2022, asserting claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and North Carolina state law on behalf of his deceased wife, Jessica Nicole Summey ("Summey"), and their minor son. On January 28, 2023, the court directed plaintiff to file documentation establishing his appointment as representative of Summey's estate. Plaintiff

---

[1] Formerly-named minor plaintiff S.N.D. was dismissed by court order on November 1, 2023.

responded, "Formal documentation appointing Plaintiff or anyone else as representative of Summey's estate does not, at current, exist."  (Pl. Resp. (DE 10) at 2).   Following initial review of the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court dismissed the claims asserted on behalf of plaintiff's minor son, and the official capacity and ADA claims.

Defendants now move to dismiss the remaining claims, arguing that plaintiff is not the administrator for Summey's estate and is unable to be named administrator due to his status as a convicted felon.   As noted, plaintiff moves for appointment of counsel.

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows.   Defendants allegedly failed to protect Summey from committing suicide while housed in the North Carolina Correctional Institution for Women.   (Compl. (DE 1) at 5–6).   While housed in an isolation cell, Summey fatally overdosed on Tylenol and ibuprofen correctional staff gave her.  (Id.). Defendants were aware of Summey's repeated suicidal ideations and attempts while incarcerated. (Id.).

## COURT'S DISCUSSION

A.    Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases."   Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).   The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it."   Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting

2

Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Thus, "[t]he district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024). Importantly, legal "inexperience and incarceration alone do not warrant appointment of counsel." Id. at 249.

Here, plaintiff has demonstrated through his filings that he is capable of proceeding pro se, and his claims are not so complex to warrant appointing counsel. Therefore, the court will not appoint counsel.

B.   Motion to Dismiss

   1.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). A court

3

may take judicial notice of public records, such as court records, without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem' l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In addition, when a party is proceeding pro se, pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

2. Analysis

As previously noted, defendants move to dismiss the remaining claims because plaintiff cannot bring an action on behalf of Summey where he is not the administrator for Summey's estate and is unable to be named administrator due to his status as a convicted felon. Defendants rely on court documents indicating Summey's mother filed the necessary paperwork to become the administrator of Summey's estate. (Def. Ex. (DE 34-3) at 7–10). Summey's mother was named the administrator on March 31, 2021. (Id. at 10). Plaintiff does not dispute the authenticity of these court documents. He argues there is not a current administrator to the estate, and he should be appointed. Such an assertion is meritless where the estate was closed May 26, 2023. (Id. at 20).

Moreover, because plaintiff is a convicted felon, he is disqualified from serving as an administrator to an estate. See N.C. Gen. Stat. § 28A-4-2(3); N.C. Dep't of Adult Corr. Offender Pub. Info., https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=

4

Case 5:22-ct-03174-FL    Document 45    Filed 03/11/25    Page 4 of 6

1528210&searchOffenderId=1528210&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited Mar. 10, 2025). Plaintiff cites North Carolina state statutes arguing his status as a felon is not a ground for terminating his parental rights pursuant to N.C. Gen Stat. § 7B-1111, and his right to administer the estate of his spouse is not barred under the acts listed in N.C. Gen Stat. § 31A-1 resulting in a bar of spousal rights. The statute regarding termination of parental rights, however, is not relevant to the issues in this case.[2]

Plaintiff's contention that he should be allowed to serve as administrator for Summey's estate as her spouse as provided in § 31A-1 is meritless where § 28A-4-2(3) serves as a bar to all convicted felons, spouses or otherwise. Furthermore, it is concerning that plaintiff continues to assert Summey was his deceased wife when court documents and Summey's death certificate indicate she was divorced at the time of her death. (See Pl. Ex. (DE 34-3) at 1, 5). Accordingly, plaintiff lacks standing to bring this suit on behalf of Summey.

To the extent plaintiff requests a stay to obtain a representative for Summey's estate, the court declines such a request. Where Summey's estate has already been closed, plaintiff provides no explanation why the estate should be reopened other than an unsupported statement that he would like to establish a trust for his minor son. (See Pl. Mem. (DE 38-1) at 6). Plaintiff also fails to show other property of the estate has been discovered, a necessary act remains unperformed by Summey's administrator, or other proper cause exists as required under N.C. Gen. Stat. § 28A-23-5 for reopening the administration of an estate.

---

[2] To the extent plaintiff seeks again to assert claims on behalf of his minor son, as stated in the court's November 1, 2023, order, "non-attorney parents generally may not litigate the claims of their minor children in federal court." Myers v. Loudoun Cty Pub. Schs., 418 F.3d 395, 401 (4th Cir. 2005). Plaintiff lacks standing to bring such claims.

3. Sanctions

Defendants seek sanctions on the basis plaintiff made the following untrue allegations: 1) he claimed to be Summey's husband; 2) he stated no formal documentation existed appointing an administrator when Summey's mother had already been appointed; and 3) he claimed he and his minor son were the only beneficiaries when Summey had a second child and a mother. (Def. Mem. (DE 34) at 8–9). The court has discretion to impose sanctions under Rule 11. See Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc., 160 F.3d 170, 177 (4th Cir. 1998) ("The decision to impose sanctions under Rule 11 . . . is within the sound discretion of the trial court." (quotation omitted)). Given plaintiff's pro se incarcerated status and the dismissal of this matter, the court declines to impose sanctions.

## CONCLUSION

Based on the foregoing, plaintiff's motion to appoint counsel (DE 39) is DENIED, and defendants' motion to dismiss (DE 33) is GRANTED. The instant action is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6). The clerk is DIRECTED to terminate as moot the remaining motions for stay (DE 32, 40, 42, 44), and then to close this case.

SO ORDERED, this the 11th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge